LODGED
CLERK, U.S. DISTRICT COURT
8/25/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: AH DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
08/26/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: nth DEPUTY

TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
MICHAEL G. WHEAT(Cal. Bar No. 118598)
Assistant United States Attorney
411 W. 4th Street
Santa Ana, California 92701
Telephone: (714) 338-3517
Facsimile: (213) 894-0141
E-mail: Michael.Wheat@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DARWIN JONATHAN RIVERA-FLORES,

Defendant.

No. 2:26-mj-05043-DUTY

GOVERNMENT'S *EX PARTE* APPLICATION FOR ORDER SEALING COMPLAINT AND RELATED DOCUMENTS; DECLARATION OF MICHAEL G. WHEAT

**(UNDER SEAL)**

The government hereby applies ex parte for an order that the complaint, affidavit in support of the complaint and any related documents in the above-titled case (except the arrest warrant) be kept under seal until further order of the Court or until the government determines the materials are subject to its discovery obligations or otherwise determines disclosure would be in the public interest.

//

//

This *ex parte* application is based upon the attached Memorandum of Points and Authorities and the attached declaration of AUSA Michael G. Wheat.

Dated: August 25, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division

/s/
MICHAEL G. WHEAT
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government requests that this Court seal the criminal complaint and supporting affidavit, and the sealing application and sealing order, in this case in order to maintain the integrity of this investigation and to protect law enforcement officers attempting to execute the arrest warrant. Approval from this Court to seal these documents is required under Local Rule 79-5.1. The Court of Appeals for the Ninth Circuit has held that district courts have the inherent power to seal affidavits in support of warrants. In re Sealed Affidavit (Agosto), 600 F.2d 1256 (9th Cir. 1979) (per curiam); see also Offices of Lakeside Non-Ferrous Metals, Inc., 679 F.2d 778 (9th Cir. 1982) (citing Agosto).

The Court of Appeals for the Seventh Circuit has rejected the proposition that pre-indictment disclosure of a search warrant affidavit is required under either constitutional principles or Federal Rule of Criminal Procedure 41(g). In re EyeCare Physicians of America, 100 F.3d 514 (7th Cir. 1996). In doing so, the Seventh Circuit held:

> By the very nature of a secret criminal investigation of this type, the target of an investigation more often than not remains unaware of the specific grounds upon which a warrant was issued. If preindictment disclosure of sealed warrant affidavits was required to satisfy due process (assuming there has been a predicate deprivation of life, liberty or property), the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible.

Id. at 517; accord In re Grand Jury Proceedings, 115 F.3d 1240, 1247 (5th Cir. 1997).

Here, for the reasons described in the attached declaration, sealing is necessary to maintain the integrity of the government's

investigation and in the interest of law enforcement safety in executing the arrest warrant.  The government accordingly requests that the documents described in the attached declaration be maintained under seal until further order of the Court or until the government determines the materials are subject to its discovery obligations or otherwise determines disclosure would be in the public interest.

**DECLARATION OF MICHAEL G. WHEAT**

I, MICHAEL G. WHEAT, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in the prosecution of United States v. Darwin Jonathan Rivera-Flores, in which the government has submitted an affidavit in support of a criminal complaint and arrest warrant.

2. Defendant Darwin Jonathan Rivera-Flores ("RIVERA-FLORES") has not been taken into custody on the charges contained in the complaint and has not been informed that he is named as a defendant in the complaint. The likelihood of apprehending defendant RIVERA-FLORES might be jeopardized if the complaint in this case were made publicly available before defendant RIVERA-FLORES is taken into custody on the complaint.

3. Accordingly, the government requests that the complaint, the affidavit in support of the complaint and sealing application and related documents (except the arrest warrant) be sealed and remain so until further order of the Court or until the government determines the materials are subject to its discovery obligations or otherwise determines disclosure would be in the public interest.

4. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on August 25, 2026.

/s/

MICHAEL G. WHEAT