AMY M. KARLIN (Bar No. 150016)
Interim Federal Public Defender
JAMES ANGLIN FLYNN (Bar No. 337608)
Email: james_flynn@fd.org
HOWARD SHNEIDER (Bar No. 309492)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, CA 90012-4202
Telephone: (213) 894-2854
Fax: (213) 893-0081

Attorneys for Defendant
DARWIN RIVERA-FLORES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>DARWIN JONATHAN RIVERA-FLORES,<br><br>*Defendant*. | Case No. 2:26-cr-00598-MCS-1<br><br>**Notice of Motion and Defendant's Motion to Dismiss and to Disqualify**[1] |

[1] This motion concerns the invalidity of Bilal Essayli's service in the U.S. Attorney's Office. *See* Order of the Chief Judge No. 26-034 (C.D. Cal. June 24, 2026). As explained herein, the parties agree that this motion should be held in abeyance until Judge Seabright rules on the corresponding, pending motion in *United States v. Ramirez*, No. 5:25-cr-264.

# TABLE OF CONTENTS


Notice of Motion ..... 1

INTRODUCTION ..... 1

BACKGROUND ..... 2

ARGUMENT ..... 3

I. The Court should disqualify Essayli from supervising or participating in this prosecution. ..... 3

II. The Court should dismiss the indictment. ..... 3

CONCLUSION ..... 6

# TABLE OF AUTHORITIES

## Cases

*United States v. Bundy*,
968 F.3d 1019 (9th Cir. 2020) .......... 5

*United States v. Giraud*,
795 F. Supp. 3d 560 (D.N.J. 2025) .......... 5

*United States v. Jackson*,
No. 25-6214, 2026 WL 2387099 (9th Cir. Aug. 17, 2026) .......... 1, 2, 3, 4

*United States v. Jefferson*,
816 F. Supp. 3d 590 (E.D. Va. 2026) .......... 4, 5

*United States v. Ramirez*,
807 F. Supp. 3d 1086 (C.D. Cal. Oct. 28, 2025) .......... 3, 5

## Court Filings

Defs.' Reply, *United States v. Ramirez*,
No. 5:25-cr-264 (C.D. Cal. Sept. 4, 2026), ECF No. 38 .......... 5

Government's Notice of New Authority, *United States v. Ramirez*,
No. 5:25-cr-264 (C.D. Cal. Aug. 25, 2026), ECF No. 66 .......... 4

Minute Order, *United States v. Banks*,
No. 2:24-cr-621 (C.D. Cal. Nov. 3, 2025), ECF No. 284 .......... 2

Motion to Dismiss Indictment and to Disqualify, *United States v. Ramirez*,
No. 5:25-cr-264 (C.D. Cal. Aug. 28, 2025), ECF No. 10 .......... 5

Renewed Motion to Dismiss and to Disqualify, *United States v. Ramirez*,
No. 5:25-cr-264 (C.D. Cal. Sept. 4, 2026), ECF No. 68 .......... 2, 3, 4

**Other Sources**

Bill Essayli, "Election Fraud Arrests Begin," X.com (Aug. 28, 2026), https://perma.cc/M3AG-RAN2 .................................... 6

Fox News, "Honduran National Arrested for Alleged Voter Fraud in California," (Aug. 31, 2026), https://perma.cc/4659-NZ9G ................................ 6

Order of the Chief Judge No. 26-034 (C.D. Cal. June 24, 2026) .................................. 1

## NOTICE OF MOTION

Darwin Rivera,[2] through his counsel of record, Deputy Federal Public Defenders James Anglin Flynn and Howard Shneider, hereby moves the Court to void and dismiss the complaint and indictment, Dkt. 2, 17, and to disqualify Bilal A. Essayli from participating in and supervising this prosecution.

## INTRODUCTION

For over a year, Bilal Essayli has exercised prosecutorial powers that were never validly delegated to him. The Ninth Circuit so held on August 17, 2026, when it affirmed the disqualification of an acting official who was appointed using the same maneuver. *United States v. Jackson*, No. 25-6214, 2026 WL 2387099 (9th Cir. Aug. 17, 2026), *cert. pending*, No. 26-304 (docketed Sept. 8, 2026).

Nine days later, with Essayli still purporting to supervise the U.S. Attorney's Office, that Office charged Darwin Rivera by criminal complaint. Dkt. 2. One month after the Ninth Circuit's ruling, the government obtained an indictment against Mr. Rivera. Dkt. 17. Essayli appeared as a signatory to the indictment in his capacity as first assistant U.S. Attorney. *Id.* at 3. But the Ninth Circuit had just held that the first assistant role confers no prosecutorial powers—much less the power to secure indictments. *Jackson*, 2026 WL 2387099, at *12.

Mr. Rivera now asks that this Court disqualify Essayli from supervising or participating in this prosecution, and he moves to dismiss the indictment with prejudice. The government and defense have agreed that Mr. Rivera may adopt the arguments

[2] Although charged under his full name, he prefers to be called Darwin Rivera or Mr. Rivera, and is referred to as such here.

advanced by the pending defense motion in *United States v. Ramirez*, and the parties agree that Mr. Rivera's motion can be held in abeyance until the Court rules in *Ramirez*.[3] This motion briefly addresses one additional reason dismissal is warranted in Mr. Rivera's case.

## BACKGROUND

The government charged Mr. Rivera by criminal complaint on August 26, 2026—just over a week after the Ninth Circuit decided *Jackson*. Dkt. 1. On September 16, 2026, it obtained an indictment alleging a false claim to U.S. citizenship in connection with registering to vote in violation of 18 U.S.C. § 1015(f). Dkt. 17. Bilal Essayli was among the indictment's signatories, under the title "First Assistant United States Attorney." *Id.* at 3.

The indictment alleges that in November 2025, Mr. Rivera knowingly and falsely claimed citizenship in completing an online form offered by the California Secretary of State. *Id.* at 2 (¶ 6).

Mr. Rivera was arrested on August 28, Dkt. 7, and Magistrate Judge Castillo granted bond, Dkt. 9. Magistrate Judge Christensen arraigned Mr. Rivera on September 25, and trial is set for November 17, 2026, before Judge Scarsi. Dkt. 20.

---

[3] Renewed Motion to Dismiss and to Disqualify ("Renewed Mot."), *United States v. Ramirez*, No. 5:25-cr-264 (C.D. Cal. Sept. 4, 2026), ECF No. 68; *cf.* Minute Order, *United States v. Banks*, No. 2:24-cr-621 (C.D. Cal. Nov. 3, 2025), ECF No. 284 (allowing the defendant to submit a brief "explaining why the court would not be bound by its ruling in *Ramirez*" during the 2025 litigation).

## ARGUMENT

### I. The Court should disqualify Essayli from supervising or participating in this prosecution.

Mr. Rivera adopts the arguments advanced in *Ramirez* in support of disqualifying Essayli. Renewed Mot. 2–21. Essayli's service violates the Federal Vacancies Reform Act, the Appointments Clause, and the Appropriations Clause, and the Court should prohibit him from continuing to supervise or participate in this prosecution. In the alternative, it should order the discovery proposed in *Ramirez* concerning the prosecution's source of funding and its compliance with the Appropriations Clause. *Id.* at 17.

### II. The Court should dismiss the indictment.

For all the reasons advanced in *Ramirez*, the indictment should be dismissed, too. *Id.* at 21–23. The circumstances of Mr. Rivera's charges present an even stronger case for dismissing and for doing so with prejudice.

Each of the defendants to have previously challenged Essayli's service were charged in the period before the Ninth Circuit decided *Jackson*. In each of those cases, the government had at least some articulable theory explaining how Essayli came to have the authority used to obtain the charges. Before *Ramirez*, its first-line theory was that those powers vested automatically under the FVRA. *United States v. Ramirez*, 807 F. Supp. 3d 1086, 1095–1103 (C.D. Cal. Oct. 28, 2025). The Ninth Circuit rejected that position in *Jackson*. 2026 WL 2387099, at *5–11. In the time between *Ramirez* and *Jackson*, the government contends Essayli was exercising the lawful duties of a first

assistant.[4] But the Ninth Circuit rejected that position, too. *See Jackson*, 2026 WL 2387099, at *12; Renewed Mot. 12.

On the day the government filed the complaint against Mr. Rivera, three Courts of Appeals had already agreed: those old theories were dead on the vine. Renewed Mot. 2–3, 20–21. Essayli was a government employee, but he lacked any prosecutorial powers. Then the government doubled down, invoking Essayli's purported authority as first assistant to indict Mr. Rivera. Dkt. 17, at 3. The government easily could have attempted to delegate that authority to Essayli validly. Instead, it proceeded on the untenable view that Essayli can use his old, invalid delegation so long as he reassures the Court that he will observe some self-imposed and undisclosed limits. *See* Renewed Mot. 3–11. It did so with absolutely no candor, saying nothing about its new view of Essayli's authority (or those limits) to the district court when it handed up the indictment, *see* Dkt. 10, at 1–6, just as it chose to say nothing to the Ninth Circuit in Essayli's invalid certification of suppression appeals, *see* Renewed Mot. 6–7.[5]

---

[4] Government's Notice of New Authority, *United States v. Ramirez*, No. 5:25-cr-264 (C.D. Cal. Aug. 25, 2026), ECF No. 66.

[5] The lack of candor in litigating these appointments challenges has not been limited to this district. After Judge Currie ruled that Lindsey Halligan's appointment was invalid, Halligan continued to present herself in other proceedings as the U.S. Attorney for the Eastern District of Virginia. She did not simultaneously and candidly disclose her invalid status, nor did she offer any other theory for her use of that title and authority. Halligan had "numerous legal options" for validating her service, but she "chose none of those legal avenues; instead, she elected simply to ignore valid court orders." *United States v. Jefferson*, 816 F. Supp. 3d 590, 597–98 (E.D. Va. 2026). Several other district judges rejected Halligan's uncandid approach. *Id.* at 594. As Judge Novak explained, "No matter all of her machinations, Ms. Halligan has no legal basis to represent to this Court that she holds the position. And any such representation going forward can only be

Even if the Court concludes that dismissal is not warranted in *Ramirez*, it should grant that relief to Mr. Rivera. By the time the government indicted Mr. Rivera—unlike the prior defendants in these challenges—the floor had dropped out from under the government's theories. The government deliberately chose to proceed under a delegation that was invalid under binding Ninth Circuit law, rather than engage in a good-faith and transparent effort to secure and test a valid delegation (or to fill the vacancy). And subsequent delegations to Essayli do not and cannot apply retroactively to the charges in this case.

The decision to proceed under invalid authority, without making a new delegation and without candor to the Court, is just the sort of flagrant misbehavior this Court found missing in its original *Ramirez* ruling. *See* 807 F. Supp. 3d at 1111 (citing *United States v. Bundy*, 968 F.3d 1019 (9th Cir. 2020)). And being charged under the authority of a person with no prosecutorial powers is substantial prejudice. *See id.* (same); Defs.' Reply, *United States v. Ramirez*, No. 5:25-cr-264 (C.D. Cal. Sept. 4, 2026), ECF No. 38, at 33–36 (collecting cases).

Should the Court decline to dismiss at this stage, in the alternative Mr. Rivera respectfully adopts the request from *Ramirez* and *Giraud* that the Court order the government to produce records evidencing the extent of Essayli's involvement in charging this case.[6] Essayli's public commentary about this case demonstrates his

---

described as a false statement made in direct defiance of valid court orders." *Id.* at 601.

[6] *See* Motion to Dismiss Indictment and to Disqualify 58–59, *United States v. Ramirez*, No. 5:25-cr-264 (C.D. Cal. Aug. 28, 2025), ECF No. 10; *United States v. Giraud*, 795 F. Supp. 3d 560, 605–06 & n.292 (D.N.J. 2025), *aff'd*, 160 F.4th 390 (3d Cir. 2025).

personal involvement from the very start—including on the very day the government arrested Mr. Rivera.[7] As Essayli explained to Fox News, this case is part of a "concerted effort" by him and his office to pursue a political dispute with state officials over access to voter rolls.[8]

## CONCLUSION

Mr. Rivera respectfully requests that the Court disqualify Essayli from supervision or participating in this prosecution. In the alternative, he requests that the Court order discovery concerning the prosecution's compliance with the Appropriations Clause. Mr. Rivera further requests that the Court dismiss the complaint and indictment or, in the alternative, order discovery concerning Essayli's involvement in charging this case.

Respectfully submitted,

AMY M. KARLIN
Interim Federal Public Defender

Dated: September 29, 2026

By: */s/ James Anglin Flynn*
JAMES ANGLIN FLYNN
HOWARD SHNEIDER
Deputy Federal Public Defenders

*Attorneys for Darwin Rivera-Flores*

---

[7] *See* Bill Essayli, "Election Fraud Arrests Begin," X.com (Aug. 28, 2026) ("This morning we arrested and federally charged a Honduran national for unlawfully registering to vote…. Darwin Jonathan Rivera Flores, 30, of Winnetka, is charged with two felonies and faces deportation if convicted."), https://perma.cc/M3AG-RAN2.

[8] Fox News, "Honduran National Arrested for Alleged Voter Fraud in California," at 1:45–2:20 (Aug. 31, 2026), https://perma.cc/4659-NZ9G.