# EXHIBIT A

website [sosmt.gov] | email | map [protect2.fireeye.com]

***CONFIDENTIALITY NOTICE:***

*This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential or privileged material, including attorney-client communications and attorney work product. Any unauthorized review, use, disclosure, or distribution is prohibited. This electronic transmission does not constitute a waiver of privilege. If you are not the intended recipient, and have received this message in error,*

---

**From:** Riordan, Maureen (CRT) < (b)(6)
**Sent:** Monday, July 14, 2025 1:28:32 PM
**To:** James, Austin (b)(6)
**Cc:** Neff, Katie (CRT) < (b)(6) >
**Subject:** [EXTERNAL] Follow up request to our discussion today

Hello Austin, it was very nice to meet you today and thank you for being a willing partner in the Administration's quest for election integrity. As I stated today, we are requesting a copy of Montana's statewide voter registration list, so that we can facilitate a review for noncitizens and dead voters via DHS. Additionally, as I indicated we will also have the ability to determine if there are duplicate registrations . This information will be provided to you, so that you can make the adjustments as needed. As you are likely already aware, under both the National Voter Registration Act, ("NVRA") and the Help America Vote Act, ("HAVA"), the attorney General is authorized to request the information from you. Also, we are Privacy act compliant and have secure data sharing capabilities.
Thanks again for your time and cooperation,
Best,
Maureen

Maureen S. Riordan
Senior Counsel
Acting Chief, Voting Section
Civil Rights Division
(b)(6)
(b)(6)

**From:** Gates, Michael (CRT)
**Sent:** Friday, July 18, 2025 10:23 AM
**To:** Riordan, Maureen (CRT) <(b)(6)>; Mellett, Timothy F (CRT) <(b)(6)>
**Cc:** Neff, Katie (CRT) <(b)(6)>
**Subject:** Tasks - Elections Enforcement Status

Maureen and Tim,

I want to keep things moving. There is another call with the White House next week on progress. So, we need to show what progress has been made since the last call. Below is what was communicated regarding status then. Feel free to update the list below by MONDAY so we can track. Katie should also be maintaining the State's Tracker that we have.

Short-term goal (b)(5) The long-term goal (b)(5) (b)(5) To that end, our work over the next few weeks still includes:

(b)(5)

HAVA Letters out already, more going out this week.

1. Arizona
2. Orange County, CA HAVA
3. Los Angeles County, CA HAVA
4. San Diego County, CA HAVA
5. San Francisco County, CA HAVA
6. Wisconsin
7. Wyoming
8. Pennsylvania
9. Minnesota
10. Nevada
11. New Hampshire
12. New York

NVRA Letters out already, more going out this week.

1. Alaska
2. New Jersey

3. Michigan
4. Massachusetts
5. North Carolina
6. Delaware
7. California
8. Maryland
9. DC
10. Utah
11. Indiana
12. Kentucky
13. Virginia
14. Iowa
15. Orange County, CA NVRA
16. Los Angeles County, CA NVRA
17. San Diego County, CA NVRA
18. San Francisco County, CA NVRA

Voter Registration Databases Received and on hand

1. Colorado
2. New Mexico
3. New Jersey
4. Connecticut
5. South Dakota

Voter Registration Databases that we anticipate receiving within a week based on representations from the state(s)

1. Florida
2. Indiana
3. Texas

List of DOJ lawsuits and/or imminent filing

1. North Carolina – NVRA/HAVA failure to register voters requiring ID
2. Orange County, CA NVRA and HAVA failure to provide the DL license number and the last 4 of the SS number of non-citizens removed from the voter list
3. Arizona – HAVA Registration Form is not HAVA compliant
4. Alaska – NVRA/HAVA failure list maintenance failure as the Registration is 104% of the Citizen Voting Age population

**Michael E. Gates**
Deputy Assistant Attorney General
Civil Rights Division, U.S. Department of Justice
Cell: (b)(6)

**To:** Percival, Allan (CRT) <(b)(6)>
**Subject:** Records/Privacy Act

Hi Allan,

We are collecting voter registration list data from various states that contains PII. We have it locked down on the P Drive with Lit Support and the attorneys who are working with the data having access to those folders for their investigations. I wanted to make sure that everyone knows their obligations in working with the data. I have the attached regarding Records obligations of which I am aware. Is there anything else I should be sharing with folks regarding their obligations? I'm also happy to chat about this. Thanks,

Tim Mellett
Deputy Chief, Voting Section
(b)(6)

**From:** Mellett, Timothy F (CRT) <(b)(6)>
**Sent:** Monday, August 25, 2025 6:19 PM
**To:** Bryce, Amanda (CRT) (b)(6)
**Subject:** Voting Section -- Privacy Act Questions

Hi Amanda,

Thanks for discussing the Privacy Act/data sharing questions the other week. We have requested voter registration lists from states to conduct searches that assess the List Maintenance of voter registration lists under the National Voter Registration Act and the Help America Vote Act (statutes that the Voting Section enforces). Some states have asked us a few Privacy Act questions because the data contains PII. At the moment, we are looking to write a letter to states that have asked the following questions:

1. Please provide a citation within the Federal Register to the system of records under which DOJ intends to collect and maintain the records it has requested.
   (We are thinking that it would be CRT-1, but we wanted to be sure, and we did not know if there would be others).
2. Please describe how DOJ plans to store, maintain, and use the requested voter registration information.
   (We can answer the "use" question but we don't know what we should say about store and maintain. Lit Support has this on the P Drive.)
3. Please explain who will have access to the information contained in the Voter Registration List.
   (Lit Support has permissions limited to managers and those attorneys and analysts working on the matters. I did not know how big of scope there could be while complying with the Privacy Act. Voting only? CRT only? DOJ only?)

Ideally, we would like to send the letters out on Wednesday. Happy to chat if you have questions. Thanks,

Tim Mellett
Deputy Chief, Voting Section
(b)(6)

**From:** Osete, Jesus (CRT (b)(6)
(b)(6)
**Sent:** 9/2/2025 10:28:47 PM
**To:** Gates, Michael (CRT) (b)(6)
**Subject:** RE: NASS call

Thanks. Can you please provide a recap of the R SOS meeting today when you get a chance?

**Jesus A. Osete**
Principal Deputy Assistant Attorney General
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20579
(b)(6)
(b)(6)

**From:** Gates, Michael (CRT) (b)(6)
**Sent:** Sunday, August 31, 2025 7:17 PM
**To:** Osete, Jesus (CRT) <(b)(6)>
**Cc:** Mehr, Benjamin (OASG) <(b)(6)>
**Subject:** NASS call

Jesus, want to give you a recap of the call with National Association of Secretaries of State last Thursday – I had sent you and Ben the link to the meeting. The meeting was almost 30 minutes and about 7 or 8 questions were presented to me, some variations of the same basic question(s).

At open, Leslie announced that no media was welcome in the meeting, that it was only for Secretaries of State. She introduced me and allowed me to start off with a few comments about what we are doing and the meaning of our recent letters asking for Voter Registration Lists (VRLs). I stated that our aim is simply to fulfill our (AG) duties to enforce the NVRA and HAVA – particularly for list maintenance. I emphasized that we are here to help states test their lists, identify for areas that may require maintenance, and to provide that feedback to the states – all to be done discreetly and securely – outside of the view of the public.

Leslie asked the following questions, which I provided answers to:

1. Why is the DOJ doing this now?
    a. We have a duty to work with states to ensure that states have list maintenance programs and that the maintenance programs are working. It is a priority of this administration, and this Civil Rights Division, to ensure that the federal elections statutes are being followed. Historically, no administration or Civil Rights Division in previous administrations have really enforced these elections statutes (NVRA/HAVA). This is now a priority and our goal is to ensure compliance with federal law in advance of the 2026 elections.
2. What about PII, why do we need it?
    a. The more information we have for each voter (including DL or last 4SSN) the more reliable the VRL tests are going to be. The less information we have, the more error that will occur in our

list test results. It benefits both the DOJ (ensuring compliance) and the states that we are able to test VRLs and produce reliable results so that our feedback to states about their VRLs is reliable. Having the DL or the last 4SSN does that very thing – it ensures, or will prove, that the voters on the VRL are unique.

3. Is a state proving that they submit their VRL to ERIC enough to satisfy the DOJ?
    a. No because only the AG has the charge from Congress to ensure HAVA compliance – for instance, there is no private right of action under HAVA – only the AG can bring a HAVA action. We have a duty from Congress to ensure list maintenance and federal elections law compliance. We have to perform that duty. And, there is no way to verify that simply because a state has a contract with ERIC to submit data, does not mean that the VRLs are clean, free of ineligible voters, and NVRA/HAVA complaint.
4. Would the DOJ be willing to enter into MOU's with the states?
    a. Yes but the DOJ would present a standard MOU to those states – and the DOJ would not be negotiating 50 different MOUs that may consume months of time. If a state insists on an MOU, it will have to be entered into quickly and in a uniform way (the same or similar MOU presented to other states). I did make the point that the DOJ is primarily looking for name, address, DOB, and DL or last 4SSN and that most states already produce most of that information to any member of the public who requests a state's VRL pursuant to the NVRA. So, the MOU may be viewed as extra, unnecessary process to obtain largely the same information states are already producing as a public record.
5. What will be done with state's VRL data once we are done analyzing? Will the data go into a master voter database.
    a. The VRL data will be treated as information gathered pursuant to an investigation. It will be kept by the Civil Rights Division in accordance with records retention laws. Having said this, as VRLs are updated regularly with new voter registrations and more list maintenance by states, the VRLs sent to us won't be current for very long – with updates, they will become obsolete. So, there should be no concern for the DOJ's holding onto of the VRLs for the records retention period.

**Michael E. Gates**
Deputy Assistant Attorney General
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
(b)(6)
(b)(6)

**From:** Mellett, Timothy F (CRT) <(b)(6)>
**Sent:** Monday, August 25, 2025 6:19 PM
**To:** Bryce, Amanda (CRT) (b)(6)
**Subject:** Voting Section -- Privacy Act Questions

Hi Amanda,

Thanks for discussing the Privacy Act/data sharing questions the other week. We have requested voter registration lists from states to conduct searches that assess the List Maintenance of voter registration lists under the National Voter Registration Act and the Help America Vote Act (statutes that the Voting Section enforces). Some states have asked us a few Privacy Act questions because the data contains PII. At the moment, we are looking to write a letter to states that have asked the following questions:

1. Please provide a citation within the Federal Register to the system of records under which DOJ intends to collect and maintain the records it has requested.
   (We are thinking that it would be CRT-1, but we wanted to be sure, and we did not know if there would be others).
2. Please describe how DOJ plans to store, maintain, and use the requested voter registration information.
   (We can answer the "use" question but we don't know what we should say about store and maintain. Lit Support has this on the P Drive.)
3. Please explain who will have access to the information contained in the Voter Registration List.
   (Lit Support has permissions limited to managers and those attorneys and analysts working on the matters. I did not know how big of scope there could be while complying with the Privacy Act. Voting only? CRT only? DOJ only?)

Ideally, we would like to send the letters out on Wednesday. Happy to chat if you have questions. Thanks,

Tim Mellett
Deputy Chief, Voting Section
(b)(6)

**Sent:** 1/13/2026 6:31:34 PM
**To:** Neff, Eric (CRT) [(b)(6)]; Gupta, Kamran (CRT) [(b)(6)]; Wake, Brittany (CRT) (b)(6)
**Subject:** RE: Virginia rolls

Eric,
Sorry for any confusion! I went out to JEFs to check recent uploads and Tennessee, Mississippi, Soth Dakota, and Louisiana (b)(5) (b)(5)




**From:** Neff, Eric (CRT) <(b)(6)>
**Sent:** Tuesday, January 13, 2026 12:15 PM
**To:** Hayes, Chris (CRT) <Chris.(b)(6)>; Gupta, Kamran (CRT) <(b)(6)>; Wake, Brittany (CRT) (b)(6)
**Subject:** RE: Virginia rolls

I'm not clear on the response to No. 3. (b)(5)

**From:** Hayes, Chris (CRT) (b)(6)
**Sent:** Tuesday, January 13, 2026 11:40 AM
**To:** Neff, Eric (CRT) <(b)(6)>; Gupta, Kamran (CRT) <(b)(6)>; Wake, Brittany (CRT) <(b)(6)>
**Subject:** RE: Virginia rolls

Eric,
Please see my comments highlighted below.

-Chris

**From:** Neff, Eric (CRT) <(b)(6)>
**Sent:** Tuesday, January 13, 2026 10:55 AM
**To:** Gupta, Kamran (CRT) (b)(6) Hayes, Chris (CRT) (b)(6) Wake, Brittany

**From:** Neff, Eric (CRT) (b)(6)
(b)(6)
**Sent:** 11/18/2025 11:01:54 PM
**To:** Osete, Jesus (CRT) [(b)(6)]; Riordan, Maureen (CRT) [(b)(6)@usdoj.gov]
**CC:** Zandi, Matt (CRT) [(b)(6)]
**Subject:** RE: Letters from Secretaries of State to DOJ and DHS

This is likely fishing to try to trap us with contradictory statements later (or tomorrow, as CA is one of the states) in court. The claim that data has been shared with DHS has no citation and is too vague to even know what they are referring to.

I believe our reply should always be: "We will use the data in a manner consistent with Federal law" and say nothing more. HAVA, NVRA, CRA – none of them require to give the states information about what we are going to do with the data. No judge will have authority to limit us beyond a promise of Federal law compliance.

**duplicated in** CREW v. DOJ - CRT - 001155-001158

**From:** Watson, John (CRT) (b)(6)
**Sent:** 1/12/2026 7:07:35 PM
**To:** Kagle, Kilian (CRT) (b)(6)
**CC:** Cononie, Sean (CRT) (b)(6)
**Subject:** Upcoming Requirements for CRT-JCON system
**Attachments:** RE: Voting Section Support - Data Requests

Kilian,

We have been informed about some requirements from Voting and Education that I wanted to reach out and ensure I am aware of any required compliance actions for CRT-JCON, CRT-ECS, and potentially CRT-RDMS or CRT-RDMS One.

We are aware of upcoming requirements that will involve large datasets with PII and may potentially introduce new information types or require processing information in new ways:

1) Voting Section:
    a. Ingestion of bulk confidential Voter Registration Data from multiple states
    b. Storage of bulk confidential Voter Registration Data from multiple states
    c. Potential analysis of ingested data by litigative consultant.
2) Education Section

(b)(5)

Attached is my email to Sean regarding this information, with some more details on the type of PII data. My initial thoughts are included under "Dataset would contain" and "Comments" fields within the table.

Please let me know if you have time to discuss,

**John Watson**
Team Lead, Engineering and Infrastructure Services.
U.S. Department of Justice | Civil Rights Division
Email Address: (b)(6)
Mobile: (b)(6)

**Sent**: 7/15/2025 1:47:00 PM
**To**: Bruzzone, Callie (CRT) [(b)(6)]; Song, Harin C. (CRT) (b)(6) Lott, Jasmin (CRT) [(b)(6)]; Rosenberg, Mary E. (CRT) [(b)(6)]
**CC**: Reid, Arielle (CRT) [(b)(6)]; Shikari, Roshni (CRT) [(b)(6)]; Daniel, Tamica (CRT) [(b)(6)]
**Subject**: FW: Privacy Act Questions
**Attachments**: 2025 07 14 Utah NVRA Draft.docx

All,

I wanted to let you know that I sent the email below and had a discussion with Maureen this morning. She does appreciate the thoughtfulness regarding the Privacy Act, (b)(5)

(b)(5)

Please send me your draft letters. I owe comments on Virginia.

Thanks,

Tim

---

**From:** Mellett, Timothy F (CRT)
**Sent:** Tuesday, July 15, 2025 7:20 AM
**To:** Riordan, Maureen (CRT) <(b)(6)
**Subject:** Privacy Act Questions

Hi Maureen,

I wanted to let you know that I had received a couple of very good questions from the Housing attorneys about the NVRA List Maintenance Project. (b)(5)

(b)(5)

(b)(5)

(b)(5) If that is incorrect, please let me know. Happy to discuss either of these points when I get in this morning. Thanks,

Tim

*Office of the Director*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, DC 20536

**U.S. Immigration and Customs Enforcement**

March 6, 2026

*Via email harmeet.dhillon@usdoj.gov*

Harmeet K. Dhillon
Assistant Attorney General for Civil Rights
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530

SUBJECT: Request for data related to voter records maintained by Department of Justice

This letter serves as a written request under subsection 552a(b)(7) of the Privacy Act of 1974, 5 U.S.C. § 552a. U.S. Immigration and Customs Enforcement, Homeland Security Investigations (HSI) is undertaking a Voter Fraud Initiative to ensure the integrity of the electoral process within its authority. In furtherance of this initiative, I formally request the Department of Justice provide HSI with the public Statewide Voter Registration Lists (SVRLs) in its possession, in order for HSI to conduct appropriate investigation of potential violations of federal election law. The information in the records provided to HSI will be vetted through Department of Homeland Security indices.

Please provide the relevant points of contact for the transfer of the datasets containing these records, as well as technical parameters for which the information will be transferred. If there are other technical limitations or restrictions on the release or use of certain data, these should also be identified to ensure all data received will be handled in compliance with applicable privacy, security, and data protection law and regulations.

Thank you for your cooperation and support in safeguarding the integrity of American elections.

Sincerely,

Todd M. Lyons
Senior Official Performing the Duties of the Director
U.S. Immigration and Customs Enforcement

**U.S. Department of Justice**

Civil Rights Division

*Office of the Assistant Attorney General*
*Washington, D.C. 20530*

March 12, 2026

Todd M. Lyons
Senior Officer Performing the Duties of Director
U.S. Immigrations and Customs Enforcement
U.S. Department of Homeland Security
500 12th St., SW
Washington, DC 20536

SUBJECT: Request for data compiled by Department of Homeland Security

This letter is in reference to Immigration and Customs Enforcement's written request under subsection 552a(b)(7) of the Privacy Act of 1974, 5 U.S.C. § 552a[1] dated March 6, 2026. As the Acting Chief of the Voting Section at the Civil Rights Division (DOJ-CRT), I am writing to coordinate the exchange of records maintained by your agency that are necessary to carry out an authorized law enforcement activity by the DOJ in which the Department of Homeland Security (DHS) may rely on routine use provisions in its applicable SORN(s) to share.

By way of background to this request, on January 20, 2026, DOJ CRT and the Department of Homeland Security, United States Citizenship and Immigration Services (DHS-USCIS) executed a Memorandum of Understanding to facilitate information sharing between DHS-USCIS and DOJ-CRT and establish the terms and conditions for the DOJ-CRT's participation in SAVE to verify the U.S. citizenship and immigration status information of registrants or registered voters on state voting rolls (January 20 MOU). The information sharing is intended to facilitate DOJ CRT's oversight and enforcement responsibilities as it relates to the Civil Rights Act of 1960 (CRA), Pub. L. No. 86-449, 74 Stat. 86, the National Voter Registration Act of 1993 (NVRA), Pub. L. No. 103-31, 107 Stat. 77; 52 U.S.C. 20501 *et seq.*, and the Help America Vote Act (HAVA), Pub. L. No. 107-252, 116 Stat. 1666; 52 U.S.C. 20901 *et seq.*, as well as other applicable federal election statutes.

Further, the Department of Justice received publicly available State Voter Registration lists (SVRLs) in the summer and fall of 2025.[2] On March 6th of this year, DOJ-CRT received a

[1] "No agency shall disclose any record which is contained in a system of records by any means of communication to . . . another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be— to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity if the activity is authorized by law, and if the head of the agency or instrumentality has made a written request to the agency which maintains the record specifying the particular portion desired and the law enforcement activity for which the record is sought . . . ." 5 U.S.C. § 552a(b)(7).

[2] As of the date of this letter, some of the states who sent these publicly available SVRLs to DOJ-CRT declined to share their non-public SVRLs. Those states are Connecticut, Georgia, Idaho, Illinois, Iowa, Kentucky, Michigan, Missouri, Nevada, New Jersey, New Mexico, and Wisconsin.

written b(7) request from DHS to share this data in order for Homeland Security Investigations "to conduct appropriate investigation of potential violations of federal election law." Separate from its b(7) request, but in conjunction with the same investigative activities, DHS indicated its ability and intent to enrich the SVRL datasets with DHS records to allow for vetting via the SAVE system. After DHS signed the appropriate DOJ-CRT Use Agreement on March 12, 2026, DOJ-CRT granted the appropriate DHS counterpart access to the data via DOJ-CRT's secure file-sharing system, Justice Enterprise File Sharing ("JEFS").

In furtherance of the January 20 MOU, I am confirming the understanding between DOJ and DHS that DHS will return to DOJ-CRT the enriched data SVRLs. When received, DOJ-CRT will subsequently query the SAVE system pursuant to the terms enclosed in the January 20 MOU.

Of course, in connection with this process, DHS and DOJ-CRT will take reasonable efforts to limit impacts to the privacy and civil liberties of United States citizens.

Thank you for your cooperation and support in safeguarding the integrity of American elections.

Sincerely,

Eric V. Neff
Acting Chief, Voting Section
Department of Justice, Civil Rights Division

**U.S. Department of Justice**

Civil Rights Division

*Office of the Assistant Attorney General* | *Washington, D.C. 20530*

August 14, 2025

<u>Via Mail and Email</u>

The Honorable Chuck Gray
Secretary of State
Herschler Building East
122 West 25th Street, Suite 100
Cheyenne, WY 82002-0020
(b)(6); secofstate@wyo.gov

Re: **Complete Wyoming's Voter Registration List with All Fields**

Secretary Gray:

We have received Wyoming's statewide voter registration list ("VRL"). However, as the Attorney General requested, the electronic copy of the statewide VRL must contain *all fields*, including the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as required under the Help America Vote Act ("HAVA")[1] to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A)(i).

We have requested Wyoming's VRL to assess your state's compliance with the statewide VRL maintenance provisions of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20501, *et seq*. Our request is pursuant to the Attorney General's authority under Section 11 of the NVRA to bring enforcement actions. *See* 52 U.S.C. § 20501(a).

The Help America Vote Act ("HAVA"), 52 U.S.C. § 20501, *et seq*., also provides authority for the Justice Department to seek the State's VRL via Section 401, which makes the Attorney General solely responsible for actions to enforce HAVA's computerized statewide Voter Registration List requirements. *See* 52 U.S.C. § 21111; *see also Brunner v. Ohio Republican Party*, 555 U.S. 5, 6

[1] In charging the Attorney General with enforcement of the voter registration list requirements in the HAVA and in the NVRA, Congress plainly intended that Justice Department be able to conduct an independent review of each state's list. Any statewide prohibitions are clearly preempted by federal law.

(2008) (*per curiam*) (finding there is no private right of action to enforce those requirements in HAVA).

In addition to those authorities, the Attorney General is also empowered by Congress to request records pursuant to Title III of the Civil Rights Act of 1960 ("CRA"), codified at 52 U.S.C. § 20701, *et seq*. Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of 22 months after any federal general, special or primary election. *See* 52 U.S.C. § 20701.

Section 303 of the CRA provides, in pertinent part, "Any record or paper required by section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or his representative…" 52 U.S.C. § 20703.

Pursuant to the foregoing authorities, including the CRA, the Attorney General is demanding an electronic copy of Wyoming's complete and current VRL. The purpose of the request is to ascertain Wyoming's compliance with the list maintenance requirements of the NVRA and HAVA.

When providing the electronic copy of the statewide VRL, Wyoming must ensure that it contains *all fields*, which includes the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as required under the Help America Vote Act ("HAVA")[2] to register individuals for federal elections. *See* 52 U.S.C. § 21083(a)(5)(A)(i).

To the extent there are privacy concerns, the voter registration list is subject to federal privacy protections. Section 304 of the CRA provides the answer:

> Unless otherwise ordered by a court of the United States, neither the Attorney General nor any employee of the Department of Justice, nor any other representative of the Attorney General, shall disclose any record or paper produced pursuant to this chapter, or any reproduction or copy, except to Congress and any committee thereof, governmental agencies, and in the presentation of any case or proceeding before any court or grand jury.

Moreover, HAVA specifies that the "last 4 digits of a social security number . . . shall not be considered a social security number for purposes of section 7 of the Privacy Act of 1974" (5 U.S.C. § 552a note); 52 U.S.C. § 21083(c). In addition, any prohibition of disclosure of a motor vehicle record contained in the Driver's License Protection Act, codified at 18 U.S.C. § 2721(b)(1), is exempted when the disclosure is for use by a government agency in carrying out the government agency's function to accomplish its enforcement authority as the Justice Department is now doing.

[2] In charging the Attorney General with enforcement of the voter registration list requirements in the HAVA and in the NVRA, Congress plainly intended that Justice Department be able to conduct an independent review of each state's list. Any statewide prohibitions are clearly preempted by federal law.

That said, all data received from you will be kept securely and treated consistently with the Privacy Act.

In charging the Attorney General with enforcement of the voter registration list requirements in HAVA and in the NVRA, Congress plainly intended that DOJ be able to conduct an independent review of each state's list. Any statewide prohibitions are preempted by federal law.

To that end, please provide the requested electronic Voter Registration List[3] to the Justice Department within seven days or by August 21, 2025.

The information and materials may be sent by encrypted email to voting.section@usdoj.gov or via the Department's secure file-sharing system, Justice Enterprise File Sharing ("JEFS"). Should further clarification be required, please contact Maureen Riordan at (b)(6)

Regards,

Harmeet K. Dhillon
Assistant Attorney General
Civil Rights Division

cc: Charles Young, Director, Elections Division
Herschler Building East
122 West 25th Street, Suite 99
Cheyenne, WY 82002-0019
Elections@wyo.gov

[3] Containing *all fields*, which includes either the registrant's full name, date of birth, residential address, his or her state driver's license number or the last four digits of the registrant's social security number as required by HAVA.

# Wyoming Secretary of State

## Chuck Gray

August 28, 2025
***Via E-mail***

Harmeet K. Dhillon
Assistant Attorney General
Civil Rights Division
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave NW- 4CON
Washington, D.C. 20530
Voting.Section@usdoj.gov

Dear Ms. Dhillon:

This letter serves as a response to your letter dated August 14, 2025. Following a review of your letter that also included the Wyoming Attorney General's Office, we are satisfying this request via the Justice Enterprise File Sharing ("JEFS") System. Upon review of the provisions cited in your letter, and discussion of the applicable provisions of the Civil Rights Act with the Wyoming Attorney General, we agree that disclosure of the requested records is proper under the Civil Rights Act.

With your assurances that the federal privacy protections, including the application of Section 304 of the Civil Rights Act, apply to these records, we anticipate that the Department of Justice will maintain the confidentiality of these records in accordance with Wyoming law.

As noted in our first letter, Wyoming continues to make great strides to improve statutes, policies, and procedures to ensure compliance with HAVA. We will strive to continue these efforts throughout the remainder of my term as Secretary of State. Should you have any questions or concerns, please don't hesitate to contact me.

Sincerely,

Chuck Gray
Wyoming Secretary of State